### The First Congregational Society in Raynham *et al. versus* The Trustees of the funds &c. in the town of Raynham *et al.*

Before the Revised Statutes went into operation, this Court had no jurisdiction in equity to enforce the performance by an incorporated board of trustees, of a trust imposed on them by their act of incorporation, and not arising under a deed, will, or in the settlement of an estate.

This was a bill in equity against the trustees created by an act of the legislature passed on the 3d of March, 1798, entitled " an act to incorporate certain persons as trustees of the funds raised by subscription for the support of religion, piety and morality, in the town of Raynham, in the county of Bristol ; " by which act the trustees named and their successors are vested with power " to receive into their hands all subscriptions, donations, securities for real or personal estate, and monies already subscribed, given or raised, or which may hereafter be subscribed, given or raised for that purpose, and to put the same to use or interest for the purpose aforesaid ; " and the town is empowered to call the trustees to account for their conduct in managing the fund, and to commence and prosecute an action against the trustees, or any of them, for any embezzlement or neglect of refunding moneys in their hands.

*Oct. 24th.*     *Eddy* and *Colby*, for the complainants, cited *Fisher* v *Ellis*, 3 Pick. 322.

*Warren* and *A. Bassett*, for the defendants.

*Oct. 28th.*     *Per Curiam.* This is a bill brought to enforce a trust alleged to have been established originally for the benefit of

First Congr
Society in
Raynham
*v.*
Trustees
&c. in
Raynham.

the town of Raynham, in its parochial capacity, for the support of the ministry, averring that the town have ceased to act in a parochial capacity, and that the plaintiff corporation are their successors in that capacity, and entitled to the benefit of the trust fund.   The usual preliminary question meets us, whether this is a subject of which the Court has jurisdiction in equity.

As here appears to be no trust arising under any deed or will, or in the settlement of an estate, and as the suit was commenced before the Revised Statutes went into operation, the Court are of opinion, that it is not a case of trust, of which they have jurisdiction in equity, and that therefore the bill must be dismissed.